**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-cv-60451-MIDDLEBROOKS

ROBERTO PESTANA CEPERO,

     Petitioner,

v.

MITCHELL DIAZ, et al.,

     Defendants.

_____/

## ORDER DENYING EMERGENCY PETITION FOR ENFORCEMENT OF WRIT OF HABEAS CORPUS AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Petitioner's Emergency Petition for Enforcement of Writ of Habeas Corpus under 28 U.S.C. § 2241 and Emergency Motion for Temporary Restraining Order and Stay of Removal Proceedings (DE 11). Respondents filed a Response (DE 13). I set a deadline for the filing of a Reply (DE 14), but none has been filed, and the deadline has now passed. For the following reasons, the motion is denied.

On March 19, 2026, I adopted the Report and Recommendation and granted Petitioner's habeas petition. I concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and ordered Respondents to provide Petitioner with a prompt, individualized bond hearing before an Immigration Judge or release him. (DE 10).

On March 25, 2026, a bond hearing was held before Immigration Judge Stuart Siegel. The Immigration Judge considered the record and denied bond upon finding that Petitioner did not meet his burden to demonstrate that he merited release. (DE 11-1). Petitioner reserved appeal to the Board of Immigration Appeals. He is now seeking enforcement of the prior habeas order and

immediate release, arguing that the Immigration Judge's decision frustrated the intent of this Court's ruling.

My March 19 Order required Respondents to provide Petitioner with a process—a prompt, individualized bond hearing—or release him. Respondents complied with that directive. A hearing was held within six days of the Court's Order, and the Immigration Judge issued a decision on the merits based on the evidence presented. Petitioner's disagreement with the outcome does not establish noncompliance with this Court's mandate.

Petitioner's arguments go to the correctness of the Immigration Judge's decision, not to whether Respondents complied with this Court's Order. I ordered a hearing to occur, not a particular result. Respondents provided the required hearing. Any challenge to the Immigration Judge's reasoning or factual findings must be directed to the Board of Immigration Appeals, where Petitioner has already reserved his right to appeal.

Petitioner also seeks a temporary restraining order and stay of removal. He has not demonstrated a likelihood of success on the merits, irreparable harm beyond that inherent in removal proceedings, or any basis for this Court to intervene in the administrative process at this stage. The requested injunctive relief is therefore unwarranted.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Emergency Petition for Enforcement of Writ of Habeas Corpus under 28 U.S.C. § 2241 and Emergency Motion for Temporary Restraining Order and Stay of Removal Proceedings (DE 11) is **DENIED.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 21 day of April, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE